# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIE R. GOBRIAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-06497-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for Social Security disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

## BACKGROUND

On September 20, 2011, Plaintiff applied for disability benefits, alleging disability beginning on April 13, 2011. On September 10, 2012, Administrative Law Judge ("ALJ") Evelyn M. Gunn found Plaintiff was able to perform her past relevant work, and therefore, she was not disabled. (Administrative Record ["AR"] 71-81.)

ALJ Gunn's decision subsequently became the final decision of the Commissioner.

On August 30, 2013, Plaintiff filed a new application for disability insurance benefits. In this application, Plaintiff alleged disability beginning September 11, 2012, one day after ALJ Gunn's decision. (AR 186-192.) Plaintiff's claim was denied initially and on reconsideration. (AR 86-98, 101-106.) A hearing took place on March 31, 2016 before ALJ Richard T. Breen. Plaintiff, who was represented by an attorney, testified at the hearing. A medical expert ("ME") and a vocational expert ("VE") also testified. (AR 32-70.)

In a decision dated May 24, 2016, ALJ Breen noted that the prior decision triggered a presumption of continuing non-disability and found that Plaintiff had failed to overcome that presumption by showing a change in circumstances. ALJ Breen specifically considered each of ALJ Gunn's findings, including the findings that: (1) Plaintiff suffered from the severe impairments of right shoulder impingement syndrome and degenerative disc disease of the cervical and lumbar spine; (2) Plaintiff's impairments did not meet or equal Listing 1.04; (3) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except for work involving standing or walking for more than two hours in 30 minute intervals, any crawling or climbing ladders, ropes or scaffolds, and more than occasional bending, stooping, kneeling, crouching or crawling; and (4) Plaintiff could perform her past relevant work as billing clerk and office clerk. (AR 15-16.) After reviewing the record including all of the new evidence, ALJ Breen concluded that there was no reason to alter ALJ Gunn's decision. ALJ Breen discussed the medical evidence and found Plaintiff remained capable of performing her past relevant work. (AR 16-25.) Accordingly, ALJ Breen determined Plaintiff was not disabled at any time from September 11, 2012 to the date of the decision. (AR 25-26.)

The Appeals Council denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ properly considered the opinion of the non-examining medical expert, Samuel Berman, M.D.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

At the hearing, Dr. Berman, a non-examining medical expert, testified that he had reviewed Plaintiff's medical records. (AR 36.) After summarizing Plaintiff's medically determinable impairments, Dr. Berman opined:

> I believe that the, that the diagnosis in the disability in total including thoracic lumbar and cervical disc disease with evidence of neural foramen impairment, evidence of carpal tunnel syndrome, evidence of knee pain with knee arthropathy, multiple joint pain, a diagnosis of each of these and a number of emergency department visits for abdominal pain. All together it would constitute an impairment equivalent to the Listing 1.04A, spine disorder. I believe that this condition existed as of

September of 2012, is still present now and will be continuing indefinitely into the future.

(AR 37-38.)

Plaintiff contends that the ALJ failed to properly consider Dr. Berman's opinion before concluding that Plaintiff's impairment did not meet or equal Listing 1.04(A).

The principles of res judicata apply to administrative decisions. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Thus, an ALJ's determination that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date. *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). More specifically, an ALJ's findings cannot be reconsidered by a subsequent ALJ unless the claimant shows "changed circumstances" – that is, new and material information not presented to the first judge. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1994); SSR 97-4(9). Following the decision in *Chavez*, the Social Security Administration ("SSA") adopted SSR 97-4(9) to explain how the SSA will apply *Chavez* within the Ninth Circuit. The ruling applies "only to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled." SSR 97-4(9), 1997 WL 742758, at *3. Pursuant to the ruling, an ALJ must apply a presumption of continuing non-disability. A "claimant may rebut this presumption by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period." SSR 97-4(9). If the claimant rebuts the presumption, an ALJ still must give effect to certain findings "contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim," including the findings of a claimant's RFC, education, or work experience. SSR 97-4(9) ("Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant

is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."); *see Smith-Scruggs v. Astrue*, 2010 WL 256546, at *2 (C.D. Cal. Jan. 21, 2010). "Changed circumstances" include an increase in the severity of the claimant's impairment, a change in the claimant's age category as defined in the Medical-Vocational Guidelines, or where the claimant raises a new issue such as the existence of an impairment that was not considered in the previous application or decision. *See Lester*, 81 F.3d at 827; *Chavez*, 844 F.2d at 693; *see also* SSR 97-4(9).

Here, ALJ Breen began by acknowledging the prior ALJ's determination that Plaintiff did not meet or equal Listing 1.04(A) (Disorders of the Spine). In particular, the prior ALJ had reviewed the medical evidence and found that there was no definitive evidence of nerve root impingement.[1] (*See* AR 77-79, 1075.) ALJ Breen explained that, in light of the prior determination, he could not find that Plaintiff's impairment met or equaled Listing 1.04(A) unless there was "new and material evidence." (AR 16, 22.)

In the course of his decision, ALJ Breen reviewed the record in search of evidence that any of Plaintiff's medically determinable conditions had changed since the date of the prior ALJ's decision. With regard to Plaintiff's spinal disorder, ALJ Breen noted that: (1) Plaintiff's December 2012 lumbar spine X-rays showed no significant degenerative changes; (2) there appeared to be no change since the prior study showing some central disc bulging at C5/6 without significant central canal stenosis or neuroforaminal stenosis; (3) when addressed in the medical records, musculoskeletal examination consistently showed normal range of motion; (4) an

---

[1] Listing 1.04(A) requires "evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

April 2014 examination showed only tenderness in the spine with minor motor deficit in the upper extremities attributed to poor effort due to pain, no muscle atrophy, normal sensation, and normal gait; (5) "as late as 2015," Plaintiff's back symptoms were described as intermittent and not requiring treatment; (6) in December 2015, Plaintiff exhibited normal range of motion on examination of the neck and musculoskeletal system; (7) although Plaintiff had renewed complaints of right shoulder pain and obtained epidural injections, there were no new or material findings from diagnostic studies; and (8) Plaintiff was not considered a surgical candidate, but rather had been assessed as having some residual pain associated with her prior surgery but had improved since that time. (AR 23 [citing AR 1056, 1504, 1930-1931, 2120, 3681-3682, 5174, 6030-6031].)

Based upon the medical record, ALJ Breen concluded that there had been no material change in Plaintiff's spinal impairment since ALJ Gunn's decision. (AR 22.) Consequently, ALJ Breen found that a presumption of continuing non-disability applied and that Plaintiff had not rebutted the presumption by showing a changed circumstance material to the determination of disability.

Plaintiff acknowledges that she bears the burden of pointing to evidence of changed circumstances. Plaintiff does not allege that she suffers from a new physical or mental impairment. Furthermore, Plaintiff does not appear to contest ALJ Breen's summary of the medical evidence regarding her spinal condition. She does not point to any new medical evidence revealing that her spinal condition has worsened or that she suffers from nerve root compression as required by Listing 1.04(A). Indeed, as the Commissioner points out, the medical records relating to Plaintiff's spinal condition support the opposite conclusion. (*See, e.g.,* AR 682, 743-744, 1016, 1050-1951, 1075, 1220-1222, 1248, 1254, 1290, 1407, 1424, 1438, 1502, 1504, 2580.)

Plaintiff seeks to rely upon Dr. Berman's opinion that her combined impairments equaled Listing 1.04(A). Yet, as Plaintiff concedes, Dr. Berman testified

that there had been no material change in Plaintiff's medical condition since the prior ALJ's decision. When the ALJ asked him what had changed since the 2012 decision, Dr. Berman answered that he did not believe there had been a lot of changes, and he "would not be able to support a definite change." (AR 40.) ALJ Breen then asked: "Based on your review, and I think [Plaintiff's attorney] is probably going to follow up with this line of questioning as well, was there a change later after that or, you know, something where you can point to me objectively where the situation changed after 2012?" (AR 41.) Dr. Berman responded, "I don't believe so, Your Honor. It appears that looking at the various clinic visits and so on the conclusions that most of the statements are pretty much similar over that period of time." (*Id.*)

Plaintiff contends that Dr. Berman's opinion constitutes new and material evidence. (ECF No. 20 at 9.) This contention is based upon Dr. Berman's testimony that Plaintiff's carpal tunnel syndrome resulted in additional manipulative limitations – that is, Plaintiff was restricted to occasional fingering with her right hand and could perform no fine fingering with her left hand. (ECF No. 20 at 9 [citing AR 43-44].) However, a new opinion regarding functional limitations based on Plaintiff's unchanged medical conditions does not constitute a change of circumstances. If that were true, then a claimant who found a medical expert with a different opinion would be entitled to a new disability determination even though the underlying medical evidence did not change. Moreover, as explained below, because Dr. Berman's opinion was properly rejected by the ALJ, it could not constitute new evidence of changed circumstances. *See Teleten v. Colvin*, 2016 WL 1267989, at *3 (E.D. Cal. Mar. 31, 2016) (application of res judicata to claimant's application was proper where ALJ rejected physicians' newly assessed limitations as not supported by the record, and therefore, claimant had not shown changed circumstances).

Finally, Plaintiff notes that Dr. Berman referred to a 2014 electromyogram (EMG) study and that this study was not available to the prior ALJ. (*See* AR 41-42.)

The February 2014 EMG showed "prolonged distal latency of Left median sensory and motor nerve with normal motor amplitude" and "Normal R median study." (AR 2018-19.) Plaintiff's treatment notes from that date state that she was diagnosed with "Mod L carpal tunnel syndrome on todays NCS, normal R hand studies s/p CTR. Had IME completed and concluded that patient able to work restricted hours due to back, neck, shoulder, wrist pain." (AR 2021.) Notwithstanding this study, and as Plaintiff acknowledges, Dr. Berman opined that Plaintiff's impairments, including her left carpal tunnel syndrome, had remained the same since 2012. (AR 41-42.) Dr. Berman's opinion regarding Plaintiff's manipulative limitations was not based upon the EMG or upon any other new medical evidence showing that her condition had worsened.[2] Stated differently, even in Dr. Berman's opinion, the EMG study did not constitute evidence of a changed condition.

For these reasons, ALJ Breen's finding that Plaintiff's condition was not materially different from her condition at the time of the first ALJ's decision is supported by substantial evidence, including the testimony of the medical expert. Therefore, ALJ Breen properly applied res judicata to the prior ALJ's finding that Plaintiff did not meet or equal Listing 1.04(A). *See Kilian v. Barnhart*, 226 F. App'x 666, 668 (9th Cir. 2007) (a second ALJ may properly apply res judicata when a claimant "has not established changed circumstances sufficient to overcome the presumption of continuing nondisability"); *Lyle v. Sec'y of Health & Human Servs.*, 700 F.2d 566, 567-568 (9th Cir. 1983) (the ALJ properly applied res judicata where he "considered the new medical evidence and found that it demonstrated no change in [the claimant's] physical condition from the condition that had existed" at the date of the prior final decision and therefore reaffirmed the prior ALJ's finding that the claimant was not restricted from performing light work); *Carbajal v. Berryhill*, 2017

---

[2] Although it is not entirely clear from the record whether the diagnosis was limited to only one hand, Plaintiff had been diagnosed with carpal tunnel syndrome at the time of the prior ALJ's decision. (*See* AR 79.)

8

WL 2603300, at *11 (C.D. Cal. June 15, 2017) ("Taken together, there is substantial evidence in the record to support the ALJ's finding that Plaintiff has not shown material 'changed circumstances' sufficient to overcome the *Chavez*/res judicata presumption of continuing nondisability, and to support the finding that Plaintiff can do other work."), *appeal dismissed,* 2017 WL 5591536 (9th Cir. Oct. 5, 2017). And, even if the 2014 EMG study showing carpal tunnel syndrome in Plaintiff's left hand and/or Dr. Berman's opinion constituted "new and material evidence" such that res judicata did not preclude reconsideration of the prior ALJ's findings, ALJ Breen properly considered Dr. Berman's opinion that Plaintiff's impairments were equal to Listing 1.04(A).

Plaintiff bears the burden of showing that she has an impairment that meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). To "meet" a listed impairment, a claimant must establish that his or her condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, a claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to all of the criteria for the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526); *see Sullivan*, 493 U.S. at 531. The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester*, 81 F.3d at 828;

Listing 1.04(A) requires a finding of disability for an individual who has a disorder of the spine (including degenerative disc disease) that results in compromise of a nerve root or the spinal cord. In addition, the Listing requires evidence of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle

9

weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

As discussed above, Dr. Berman at one point opined that Plaintiff's combined medical conditions equaled Listing 1.04(A). The ALJ gave little weight to Dr. Berman's opinion. In doing so, the ALJ noted that Listing 1.04(A) required evidence of nerve root compression, but Dr. Berman did not reference the required neurological deficit. Instead, as noted by the ALJ, Dr. Berman simply mentioned a long list of diagnoses, none of which was new, and appeared to be improperly based on the number of, or mere existence of, diagnoses. Similarly, the ALJ found that Dr. Berman's opinion regarding Plaintiff's manipulative limitations was based on nothing more than diagnoses of carpal tunnel syndrome and trigger finger. The ALJ found that Dr. Berman's testimony was non-committal, internally inconsistent, and inconsistent with the record as a whole, including Plaintiff's activities of daily living and exercise regimen. (AR 22.)

An ALJ may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, the ALJ's reasons for rejecting Dr. Berman's opinion were both legally sufficient and supported by substantial evidence.

To begin with, the record supports the ALJ's characterization of Dr. Berman's opinion as merely based upon the number of diagnoses. Other than recite a litany of diagnoses found in the record – including gastroesophageal reflux disorder; hypertension; type II diabetes; total hysterectomy; hemorrhoids; hypothyroidism; neck, back, knee and right shoulder pain; mild degenerative joint disease of the knee; disk bulge impingement; restless leg syndrome; myofascial pain; depression and anxiety; a history of right carpal tunnel repair; left carpal tunnel syndrome; lumbar,

cervical and thoracic spondylosis; right wrist tendonitis and left trigger finger – Dr. Berman provided no basis for his opinion that Plaintiff's impairments equaled Listing 1.04(A). (*See* AR 36-37.) Indeed, Dr. Berman subsequently clarified: "I said that she was equivalent to the listing I mentioned I thought because of the number of different areas in which there was symptoms or impairments." (AR 40.)

The ALJ also fairly characterized Dr. Berman's testimony as internally inconsistent. Initially, Dr. Berman opined that Plaintiff's impairments were so severe that they equaled Listing 1.04(A). Yet he also said that he would "go along" with the prior ALJ's determination that Plaintiff was capable of performing a limited range of sedentary work and further he was unable to "support a definite change" in Plaintiff's condition after the date of the prior ALJ's decision. (AR 39-40.) This testimony conflicts with Dr. Berman's opinion that Plaintiff's impairments equaled Listing 1.04(A) beginning the day after the prior ALJ's decision. (*See* AR 38, 41-42.)

In addition, the ALJ reasonably concluded that Dr. Berman's opinion was inconsistent with the record as a whole. As summarized by the ALJ, the record is devoid of evidence suggesting that Plaintiff suffered from nerve root compression or symptoms of nerve root compression. Dr. Berman's opinion that Plaintiff was limited in her ability to perform fine fingering, an opinion that was based upon the diagnosis of carpal tunnel syndrome, is not sufficient to equal a Listing requirement. *See Tackett*, 180 F.3d at 1100 ("'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three.") (citing 20 C.F.R. § 404.1526); *see generally Sullivan*, 493 U.S. at 531 ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment.").

Furthermore, the ALJ considered the EMG that Dr. Berman relied upon, noting that it showed prolonged distal latency of the left median sensory and motor never

with normal motor amplitude. The ALJ found that the medical record lacked reliable clinical evidence of carpal tunnel syndrome. In particular, he noted the absence of "definitive evidence of carpal tunnel syndrome on examinations, such as showings of positive Tinel's or Phalen's sign." (AR 19.) The ALJ further noted that Plaintiff had worn a brace on her left hand but that she had also reported prolonged symptomatic relief with injections; that Plaintiff had a temporary problem of locking in her right middle finger, but she had responded well to trigger finger release surgery in 2015; and that she had benefited from injections and retained full range of motion. In sum, the ALJ concluded that carpal tunnel syndrome had not been established as a medically determinable impairment, and even if it were, it was not "severe." (AR 19.)

The ALJ's interpretation of the medical evidence is a rational one. *See Orn*, 495 F.3d at 630 (where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld). In light of the record, the ALJ did not err in rejecting Dr. Berman's opinion as inconsistent with the objective evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *see also Schrader v. Colvin*, 2015 WL 1061681, at *9 (C.D. Cal. Mar. 10, 2015) (plaintiff failed to offer any viable theory as to how his impairments combine to medically equal Listings 1.04(A)); *Smith v. Colvin*, 2015 WL 248281, at *3 (C.D. Cal. Jan. 20, 2015) (claimant did not meet Listing 1.04(A) although she had limited range of motion because treating physician "consistently found that [she] had full motor strength in the bilateral lower extremities, normal reflexes, and negative straight-leg raising tests"); *Guerra v. Astrue*, 2010 WL 5088774, at *7 (C.D. Cal. Dec. 7, 2010) (plaintiff failed to meet burden of showing impairments equivalent to Listing 1.04(A) where claimant did not proffer a theory or evidence showing that his combined impairments equaled the Listing).

Plaintiff's remaining contentions are not well taken. Plaintiff argues that the ALJ improperly relied upon her daily activities to reject Dr. Berman's opinion. However, any errors in additional reasons provided by the ALJ were harmless in light of the specific and legitimate reasons he identified for discounting Dr. Berman's opinion. *See Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Next, Plaintiff complains that the ALJ misled Dr. Berman by mischaracterizing the prior ALJ's RFC. Plaintiff is correct that in the course of discussing the prior ALJ's RFC, the ALJ erroneously stated that she was found to be limited to a range of light work rather than a range of sedentary work. (*See* AR 38-40.) Nevertheless, this misstatement by the ALJ has no bearing on the issue presented in this case – that is, whether the ALJ provided adequate reasons for discounting Dr. Berman's testimony. Finally, Plaintiff argues that the ALJ incorrectly explained the concept of res judicata during his questioning of Dr. Berman. The ALJ's explanation of that legal principle – which is similar to the Court's discussion above – was not erroneous. (*See* AR 40.) Nor has Plaintiff explained how this alleged error would have any affect on the proper weight to be afforded Dr. Berman's opinion.

**************

For the foregoing reasons, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 8/17/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE